SMG Automotive Holdings, LLC v Brooklyn Store, LLC (2024 NY Slip Op 04995)

SMG Automotive Holdings, LLC v Brooklyn Store, LLC

2024 NY Slip Op 04995

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-07589
 (Index No. 502153/22)

[*1]SMG Automotive Holdings, LLC, appellant,
v
Brooklyn Store, LLC, respondent.

Morrison Cohen LLP, New York, NY (Christopher Milito, Joaquin Ezcurra, and Collin A. Rose of counsel), for appellant.
Law Offices of Thomas A. Bizarro, Jr., P.C., Huntington, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for a declaratory judgment, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated August 26, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(1) to dismiss so much of the counterclaim as sought a judgment declaring that the plaintiff lacked standing to exercise a purchase option and to commence this action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2012, the defendant leased commercial real property to nonparty Kings Automotive Holdings, LLC (hereinafter Kings), at which Kings operated a car dealership. In February 2017, Kings executed a sublease agreement with the plaintiff. Separately, Kings and the plaintiff executed an agreement to assign to the plaintiff Kings' option to purchase the property from the defendant. In July 2021, the parties engaged in the process to exercise the option to purchase, but they failed to agree to a fair market value for the property.
The plaintiff commenced this action, inter alia, for a declaratory judgment. The defendant interposed an answer and asserted a counterclaim, which sought, among other things, a judgment declaring that the plaintiff lacked standing to exercise the option to purchase the property and did not have standing to commence this action. The plaintiff moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss that portion of the counterclaim, contending that the agreements between Kings, the plaintiff, and the defendant conclusively refuted the allegations that the plaintiff did not have standing. In an order dated August 26, 2022, the Supreme Court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
"A motion pursuant to CPLR 3211(a)(1) to dismiss a counterclaim may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations underlying the counterclaim and conclusively disposes of the counterclaim as a matter of law" (JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788, 790; see Twitchell Tech. Prods., LLC v Mechoshade Sys., LLC, 227 AD3d 45, 50). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86).
Here, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 3211(a)(1) to dismiss so much of the counterclaim as sought a judgment declaring that the plaintiff lacked standing to exercise the purchase option and to commence this action. The plaintiff's documentary evidence did not utterly refute the defendant's factual allegations or conclusively establish a defense as a matter of law (see Coalition of Landlords, Homeowners & Merchants, Inc. v S. & A. Neocronon, Inc., 224 AD3d 658, 659-660). Indeed, the record contains evidence which directly contradicts the purported documentary evidence.
The plaintiff's remaining contention is not properly before this Court.
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court